IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 99-CR-40009-MJR |
| | ) |
| CARLAN D. HODGES, | ) |
| | ) |
|     Defendant. | ) |

## ORDER CLARIFYING SENTENCE

**REAGAN, District Judge:**

On March 26, 2007, the Court received a letter from Carlan Hodges dated March 15, 2007. The Court construed the letter as a motion to clarify judgment. Hodges supplemented his motion on May 18, 2007 and September 10, 2007. The Government was ordered to respond by November 2, 2007. On October 17, 2007, the Government submitted its response and provided the Court with a copy of the sentencing transcript. As the Government has submitted its response, the Court now rules on Hodges's motion.

In 1999, Hodges was found guilty of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) and possessing stolen firearms in violation of 18 U.S.C. § 922(j). The Honorable Paul E. Riley sentenced Hodges on October 8, 1999, imposing a sentence of 120 months for being a felon in possession of firearms, and 68 months for possessing stolen firearms. The two federal sentences were ordered to run consecutively with one another, resulting in a total term of 188 months imprisonment. The Court also ordered that the federal sentences run concurrently with the sentences imposed in Hodges's Michigan cases, for which he had been incarcerated since October 1, 1996.

Hodges argues that at the time of sentencing, it was understood that he would receive credit for time he had already served on his Michigan sentence.  In other words, he believed the 188-month term on his sentence would begin counting from October 1, 1996.  He argues that this was Judge Riley's intent as expressed to Hodges orally at sentencing, and that the wording in Judge Riley's written Order improperly led the Bureau of Prisons to miscalculate the starting date of his federal sentence.

Under **FEDERAL RULE OF CRIMINAL PROCEDURE 36**, "the court may *at any time* correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" (emphasis added).  This is in stark contrast to **FEDERAL RULE OF CRIMINAL PROCEDURE 35**, which provides, "*Within 7 days after sentencing*, the court may correct a sentence that resulted from arithmetical, technical, or other error" (emphasis added). The Seventh Circuit noted the difference between the two rules in *United States v. Becker*, **36 F.3d 708 (7th Cir. 1994)**.  There, the court explained:

> If a defendant is in fact arguing that his problem lies in the translation from the district court's original sentence to the formal written commitment order, then Rule 36 applies; but if the defendant is raising a problem that is substantive in nature, even if it is mechanical or computational, then Rule 35 governs.  Maintaining the line between translation problems and technical error is important in light of the short time limit in Fed.R.Crim.P. 35(c).

*Id.* **at 710 n.2.**

What Hodges alleges here is a clerical error, because he essentially argues that his written sentence departs from the oral sentence he was given by Judge Riley.  Therefore, Rule 36 governs the circumstances in this case, and the Court may grant relief if it finds that a clerical error did in fact occur.

Hodges points to Federal Sentencing Guideline § 5G1.3(b), which was discussed at sentencing. Guideline § 5G1.3(b) allows the Court to give a defendant credit for "another term of imprisonment that is relevant conduct to the instant offense . . . and that was the basis for an increase in the offense level for the instant offense . . . ."[1]

Though the Court considered applying this guideline in sentencing Hodges, it is clear from the sentencing transcript that it chose not to do so. The Court received argument from defense counsel and the Government on the issue of whether to give Hodges credit for time served in Michigan (Doc. 120, Exh. 1, pp. 13–17). Defense counsel asked the Court to reduce Hodges's sentence by 38 months, the amount of time served in Michigan at that point, which would have resulted in a total federal sentence of 150 months (Doc. 120, Exh. 1, p. 14, 16).

In spite of defense counsel's efforts, the Court explicitly rejected this request. After imposing a 188-month total term of federal imprisonment instead of the proposed 150-month sentence, the following discussion took place between defense counsel and Judge Riley:

> Ms. Schooley: Is the Court running it concurrent? Is the Court meaning that he gets credit for the 38 months he's served on the state sentence?
>
> The Court: No.

Doc. 120, Exh. 1, p. 20.

---

[1] It should be noted that were Hodges arguing that the Court did not apply, but *should have* applied this Guideline § 5G1.3(b) at sentencing, Rule 35 would govern and Hodges's claim would be time-barred. Hodges's claim would also be time barred if he had argued that the Court mistakenly failed to apply 18 U.S.C. § 3585, which gives defendants credit for prior custody under certain circumstances. Recognition of this fact is not made as a comment on whether the Court properly calculated Hodges's sentence. Indeed, the Court has not and need not consider that question for the purposes of resolving Hodges's motion.

The transcript makes it clear that the Court did not intend to give Hodges credit for the time he served in the Michigan prison system starting on October 1, 1996. The oral sentence is in complete agreement with the written agreement. Therefore, there was no clerical error, and Rule 36 cannot be applied to amend the Court's written sentencing judgment.

It is clear that the Court intended Hodges's federal sentence to run concurrently only with the undischarged portion of Hodges's Michigan sentence. The sentencing judgment completed by Judge Riley states: "This term consists of 120 months on count 1 and 68 months on count 2, all to be served consecutively. The term of imprisonment imposed by this judgment is to run concurrently with the sentences imposed in the State of Michigan under docket numbers 96-09145-FH, 96-3035-FH, and 96-09147-FH."

Having clarified Hodges's sentence, the Court **DENIES** Hodges's request to correct a clerical error in his sentence (Docs. 115, 117).

**IT IS SO ORDERED.**

**DATED this 26th day of October 2007.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**