IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 99-CR-40009-MJR |
| | ) |
| CARLAN D. HODGES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

A jury found Defendant Carlan Hodges guilty of two felonies on June 2, 1999: possessing stolen firearms and possessing firearms by a previously convicted felon. 18 U.S.C. § 922(j), (g)(1) (1994). The Court sentenced him on October 8, 1999 to a term of imprisonment for 120 months for felon-in-possession and 68 months for possession of stolen firearms. Both sentences were imposed consecutively, meaning his total prison term is 188 months. (Doc. 49 at 2.) That term was to run concurrently to his state court term of imprisonment. (*Id.*)

Hodges has since moved under 18 U.S.C § 3582(c) for the Court to reduce his sentence (Doc. 122) based on Amendment 599 to the U.S. Sentencing Guidelines. The amendment he relies upon, though, does not relate to his sentence, so the Court lacks jurisdiction to entertain the motion. He has also moved for resentencing (Doc. 126) because of the Seventh Circuit's holding in *United States v. Podhorn*, 549 F.3d 552 (7th Cir. 2008). His motion does not qualify under either 18 U.S.C § 3582 or 28 U.S.C. § 2255, so the Court also lacks jurisdiction over this motion. Both will be dismissed.

**Motion to Reduce Sentence**

The Court may reduce a defendant's previously imposed sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). When reducing the sentence, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2). These two parts articulate two criteria that a defendant urging a sentence reduction under § 3582(c)(2) must satisfy: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject-matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637–38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied*, 129 S. Ct. 2817 (2009).

Hodges cannot satisfy the first § 3582 criterion. The amendment that he relies on to justify a reduction, Amendment 599, amended the application notes to § 2K2.4 of the United States Sentencing Guidelines as of November 1, 2000. However, Hodges' guideline range was not calculated based on § 2K2.4. Section 2K2.4 is considered when calculating an offender's total offense level. Hodges' total offense level was calculated as follows: his base offense level of 24 was calculated based on § 2K2.1(a)(2), which was increased 7 levels under §§ 2K2.1(b)(1)(C) (3 levels), 2K2.1(b)(4) (2 levels) and 3B1.4 (2 levels). (Doc. 126 Ex. 1.) This gave him a total offense level of 31. (*Id.*; Doc. 49 at 7.) Section 2K2.4 was not implicated at all in calculating his total offense level, nor is it applicable now based on the amendment. Section 2K2.4, both before amendment and after, relates to sentencing a person convicted under 18 U.S.C. §§ 844(h), 924(c) or 929(a). Hodges was not convicted under any of those statutes.

Because Hodges was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the

2

Court lacks jurisdiction to entertain this motion. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637–38.

## Motion for Resentencing

Hodges also asks the Court to resentence him due to the holding in *United States v. Podhorn*, which prohibited a type of double-counting that he alleges occurred in calculating the guideline range for his sentence. 549 F.3d at 560. However, Hodges has some problems in getting to the merits of his motion. Hodges sentence, at this point, is final, *see* 18 U.S.C. § 3582(b) (noting that a judgment of conviction that includes a sentence to imprisonment "constitutes a final judgment for all other purposes"); *id.* § 3582(c) (noting that "[t]he court may not modify a term of imprisonment once it has been imposed" except through motions under that subsection), and Hodges does not claim under what authority he seeks to be "resentenced" despite the finality of his sentence. He could mean either a motion to modify sentence under 18 U.S.C. § 3582(c), like the motion to reduce sentence that he previously filed, or a petition to vacate his sentence under 28 U.S.C. § 2255.

Hodges' motion to resentence cannot be a § 3582 motion. Section 3582 permits alterations of sentences in four cases: (1) the Bureau of Prisons moves for a reduction for elderly defendants in extraordinary circumstances—18 U.S.C. § 3582(c)(1)(A)—(2) the sentencing commission amends the sentencing guidelines under which the defendant was sentenced—*id.* § 3582(c)(2)—(3) clear error in computing the sentence is discovered within 14 days of sentencing—*id.* § 3582(c)(1)(B); Fed. R. Crim. P. 35(a)—or (4) the United States moves for a reduction in sentence due to the defendant's substantial assistance to the government—18 U.S.C. § 3582(c)(1)(B); Fed. R. Crim. P. 35(b). None of those cases is applicable here. First, neither the Bureau of Prisons nor the United States made the motion, so neither § 3582(c)(1)(A) nor Rule 35(b) supports his case. Second, it has been much longer than 14 days since imposition of sentencing, so even if there was a clear error in computing his sentence, he could not correct it now under Rule 35(a). Most importantly, *Podhorn*, the source for

3

Hodges' argument that he should be resentenced, is a case and not an amendment to the sentencing guidelines, so § 3582(c)(2) is inapplicable.

Because § 3582 is inapplicable to Hodges' motion, the only other authority for resentencing at this point would be a motion to vacate or correct sentence. 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the sentence was in excess of the maximum authorized by law[] or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence."). Hodges did not call his motion to resentence a motion under § 2255, but that does not matter as "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence . . . should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848–49 (7th Cir. 2007). "Substance trumps form; failure to apply that principle would greatly increase the burden on the federal courts, given prisoners' voracious appetite for litigation." *United States v. Boyd*, 591 F.3d 953, 954 (7th Cir. 2010).

Because this is a § 2255 motion, the Court cannot consider it because Hodges cannot move under § 2255 anymore without leave of the Court of Appeals. Hodges has already filed two § 2255 petitions relating to this case. One was denied on the merits. *Hodges v. United States*, 316 F. Supp. 2d 688 (S.D. Ill. 2004), *appeal denied*, No. 04-3901 (7th Cir. May 16, 2005). The other was dismissed for want of jurisdiction as a second § 2255 motion without a certificate from the Court of Appeals. *Hodges v. United States*, No. 06-CV-4009-RHM (S.D. Ill. Jan. 19, 2006). Because the current motion is a successive § 2255 motion, "the Court cannot entertain [it] because a panel of the Seventh Circuit has not certified it under § 2244."[1] *Hodges*, No. 06-CV-4009-RHM, slip op. at 2. Without the

---

[1] It is unlikely that Hodges would be able to obtain this certificate from the panel anyway, as it is granted only if the petition presents "a matter of constitutional law made retroactive by the Supreme Court" or a case of actual innocence

certificate, the Court is without jurisdiction to entertain a successive § 2255 motion.[2] *Boyd*, 591 F.3d at 956.

## Conclusion

Amendment 599 amended a guideline that did not affect Hodges' sentence, meaning the Court lacks jurisdiction over the motion to reduce sentence. Additionally, his motion to resentence is really a successive motion to vacate sentence under 28 U.S.C. § 2255 filed without leave of the Court of Appeals, meaning the Court, again, has no jurisdiction. Accordingly, the Court **DISMISSES** both of his motions (Docs. 122, 126) for want of jurisdiction.

**IT IS SO ORDERED.**

**DATED May 18, 2010.**

                                                                    **s/ Michael J. Reagan**
                                                                    **MICHAEL J. REAGAN**
                                                                    **United States District Judge**

---

under newly discovered evidence. 28 U.S.C. § 2255(h). This petition does not present a case of actual innocence, and *Podhorn* is neither a Supreme Court case nor a case of constitutional law.

[2] Even if leave were to be granted, meaning that the Court could properly consider his motion, it would still fail; Hodges cannot use § 2255 to attack his sentence for misapplication of the sentencing guidelines. *Welch v. United States*, No. 08-3108, 2010 WL 1755062, at *2 (7th Cir. May 4, 2010) (citing *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993)); *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (citing *Scott*, 997 F.2d at 343)).